IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| KATHY PILKINTON, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED | § § § § § § § § § § § § § § § | FLSA Collective Action Pursuant to 29 U.S.C. § 216(b) |
| | | CIVIL ACTION NO. 2: 17-cv-519 |
| VS. | | JURY DEMANDED |
| HERITAGE HOSPICE OF TEXARKANA, LLC D/B/A HERITAGE HOSPICE AND BLAKE R. RICH | | |

## PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT

Plaintiff Kathy Pilkinton on behalf of herself and all others similarly situated files this collective action against Defendants Heritage Hospice of Texarkana, LLC, and Blake R. Rich, Individually ("Defendants") and in support thereof would show unto this Honorable Court as follows:

### I. PRELIMINARY STATEMENT

1.1 This is a collective action for unpaid overtime wages brought pursuant to the Fair Labor Standards Act ("FLSA"). Defendants provide medical services and support to patients who are in the final stages of life or who have terminal illnesses. Defendants employed Plaintiff as a salaried RN Case Manager, working out of their Jefferson location. From approximately March 1, 2016 through May 21, 2017. Plaintiff was responsible to provide care to Defendants' patients. Plaintiff was on call at nights and weekends. Including time spent actually performing work while on call, Plaintiff consistently worked over forty hours per week. Plaintiff was

misclassified as an exempt employee and consequently, Plaintiff was not compensated for all hours worked over forty per week.

1.2     Plaintiff, on behalf of herself and all other similarly situated employees employed by Defendants as RN Case Managers, brings this collective action to recover overtime compensation, liquidated damages, attorney's fees, litigation costs, costs of court, and pre-judgment and post-judgment interest under the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* ("FLSA").

1.3     For at least three years prior to the filing of this Complaint, Defendants willfully committed widespread violations of the FLSA by failing to pay their hourly, non-exempt RN case managers for all hours worked in excess of forty hours per week at a rate of one and one-half times their regular rate of pay.

1.4     This collective action consists of current and former non-exempt, hourly RN Case Managers who worked for Defendants in the three years preceding the filing of this suit who were not paid all of the overtime compensation they were due.

## II.     JURISDICTION AND VENUE

2.1     The Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this civil action arises under the Constitution, laws, or treaties of the United States; specifically, the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* ("FLSA"). Jurisdiction is further conferred on this Court by 29 U.S.C. § 216(b) and by the provisions of 28 U.S.C. § 1337.

2.2     The Court has personal jurisdiction over Defendant Heritage Hospice of Texarkana, LLC because this entity conducts business in Texas and has entered into relationships with Plaintiff in Texas, and committed actions in Texas that give rise to this cause of action.

2.3     Venue is proper in the Eastern District of Texas, Marshall Division, pursuant to 28 U.S.C. § 1391(b), because Defendants reside within this District and a substantial part of the events or omissions giving rise to the claims herein occurred in this District.

### III.    PARTIES

**A.     Plaintiff**

3.1     Plaintiff Kathy Pilkinton is an individual residing in Harleton, Texas. Her notice of consent is attached hereto as Exhibit A.

**B.     Defendants**

3.2     Heritage Hospice of Texarkana, LLC is a domestic limited liability company formed and existing under the laws of the State of Texas and maintains and operates its principal office in Texarkana, Texas.

3.3     Heritage Hospice of Texarkana, LLC was an employer of the Plaintiff and those similarly situated as defined by

3.4     Heritage Hospice of Texarkana, LLC can be served with process by serving its registered agent for service of process, Blake R. Rich, at 4939 Elizabeth St., Texarkana, TX 75503 or 16694 Beauregard Drive, Tyler, TX 75703.

3.5     Blake R. Rich is an individual who resides in Tyler, Texas.

3.6     At all times relevant to this claim, Blake R. Rich acted directly or indirectly in the interest of Defendant Heritage Hospice of Texarkana, LLC in relation to the employment of Plaintiff and those similarly situated.

3.7     At all times relevant to this claim, Blake R. Rich was substantially in control of the terms and conditions of the work of Plaintiff and those similarly situated.

3.8     At all times relevant to this claim, Blake R. Rich was an employer of the Plaintiff

and those similarly situated as defined by 29 U.S.C. §203(d).

3.9 Blake R. Rich may be served with process at 16694 Beauregard Drive, Tyler, TX 75703.

## IV. FLSA COVERAGE

4.1 For purposes of this action, the "relevant period" is defined as such period commencing on the date that is three years prior to the filing of this action, and continuing thereafter.

4.2 At all relevant times, Defendant, Heritage Hospice of Texarkana, LLC had gross operating revenue in excess of $500,000.00.

4.3 At all relevant times, Defendants have been, and continue to be, an "employer" engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203.

4.4 At all relevant times, Defendants employed "employees", including Plaintiff and those similarly situated, within the meaning of the FLSA, 29 U.S.C. § 203.

4.5 At all relevant times, Defendants employed two or more persons in interstate commerce.

4.6 At all relevant times, Defendant Heritage Hospice of Texarkana, LLC and Heritage Home Health and Hospice, LLC have each been an "enterprise" engaged in commerce as defined in 29 U.S.C. § 203.

4.7 At all relevant times, Plaintiff and those similarly situated were individually engaged in interstate commerce or in the production of goods for commerce while performing their job duties for Defendants.

4.8 At all relevant times, Defendants have been subject to the requirements of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*.

## V. FACTUAL ALLEGATIONS

5.1 Defendants provide hospice care in East Texas, including the communities of Jefferson, Texarkana, Atlanta and Kilgore. Plaintiff and those similarly situated worked for Defendants as salaried RN Case Managers.

5.2 Defendants employed Plaintiff and those similarly situated during the three-year period preceding the filing of this Complaint.

5.3 Defendants maintained control, oversight, and direction over their operations, including employment practices.

5.4 Defendants maintained and exercised the power to hire, fire, and discipline Plaintiff and those similarly situated during their employment with Defendants.

5.5 Plaintiff and those similarly situated were required to comply with Defendants' policies and procedures in performing their work during their employment with Defendants.

5.6 Blake R. Rich independently exercised control over the work performed by Plaintiff and those similarly situated.

5.7 Blake R. Rich is responsible for running the day-to-day operations of Heritage Hospice of Texarkana, LLC and Heritage Home Health and Hospice, LLC.

5.8 Blake R. Rich, acting directly in the interest of Heritage Hospice of Texarkana, LLC and Heritage Home Health and Hospice, LLC, determined the wages to be paid to Plaintiff and those similarly situated.

5.9 Blake R. Rich, acting directly in the interest of Heritage Hospice of Texarkana, LLC and Heritage Home Health and Hospice, LLC, determined the work to be performed by Plaintiff and those similarly situated and monitored and directed their work on a regular basis.

5.10 Blake R. Rich, acting directly in the interest of Heritage Hospice of Texarkana,

LLC and Heritage Home Health and Hospice, LLC, determined the locations where Plaintiff and those similarly situated would work.

5.11  Blake R. Rich, acting directly in the interest of Heritage Hospice of Texarkana, LLC and Heritage Home Health and Hospice, LLC, determined the hours of Plaintiff and those similarly situated.

5.12  Blake R. Rich, acting directly in the interest of Heritage Hospice of Texarkana, LLC and Heritage Home Health and Hospice, LLC, determined the conditions of employment of Plaintiff and those similarly situated.

5.13  Blake R. Rich, acting directly in the interest of Heritage Hospice of Texarkana, LLC and Heritage Home Health and Hospice, LLC, maintained employment records on Plaintiff and those similarly situated.

5.14  Blake R. Rich, acting directly in the interest of Heritage Hospice of Texarkana, LLC and Heritage Home Health and Hospice, LLC, possessed and, in fact, exercised the power to hire, fire and discipline Plaintiff and those similarly situated.

5.15  Plaintiff and those similarly situated were non-exempt RN Case Managers under the FLSA.

5.16  Defendants paid Plaintiff and those similarly situated on an hourly basis; Plaintiff also paid a per visit rate for her on-call visits.

5.17  Although Plaintiff and those similarly situated worked more than forty hours per week, Plaintiff and those similarly situated have not been paid proper overtime premiums for all hours worked over forty.

## VI.  COLLECTIVE ACTION ALLEGATIONS

6.1  Other employees have been victimized by this pattern, practice, and policy of

Defendants that is in violation of the FLSA. Plaintiff is aware that the illegal practices and policies of Defendants have been imposed on other employees.

6.2     Plaintiff brings this lawsuit on behalf of herself and all other persons who worked for Defendants as hourly, non-exempt RN Case Managers at any time three years prior to the filing of this lawsuit, to the entry of judgment in this lawsuit (Collective Class).

6.3     Though their job titles may vary, members of the Collective Class were all treated similarly in that Defendants refused to pay them for all hours worked over forty per week.

6.4     Plaintiff's experiences are typical of the experiences of other similarly situated employees.

6.5     Defendants' operations with respect to Plaintiff and the Collective Class and wages paid to Plaintiff and the Collective Class are substantially similar, if not identical.

6.6     Defendants' pattern of failing to pay overtime compensation as required by the FLSA results from Defendants' general application of policies and practices, and does not depend on the personal circumstances of the Plaintiff and the Collective Class.

6.7     Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

6.8     Plaintiff files this case as an "opt-in" collective action as specifically allowed by 29 U.S.C. § 216(b). Plaintiff brings these claims for relief for violations of the FLSA as a collective action pursuant to 29 U.S.C. § 216(b). Plaintiff brings these claims on their behalf and on behalf of those similarly situated who have not been fully compensated for all work performed, time spent, and activities conducted for the benefit of Defendants.

6.9     Plaintiff requests that Defendants identify all prospective members of the Collective Class in order that proper notice of their right to consent to participation in this

collective action may be distributed, including their names, dates of employment, job titles, last known addresses, email addresses and mobile telephone numbers.

6.10 Plaintiff seeks to represent those members of the above-described group who, after appropriate notice of their ability to opt into this action, have provided consent in writing to be represented by Plaintiff' counsel as required by 29 U.S.C. § 216(b).

6.11 Those individuals who choose to opt in will be listed on subsequent pleadings and copies of the written consents will be incorporated by reference.

6.12 Plaintiff will fairly and adequately represent and protect the interests of those similarly situated who opt into this action.

## VII. CAUSE OF ACTION: VIOLATION OF THE FLSA
### Failure to Pay Overtime Wages

7.1 Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully set forth herein.

7.2 As non-exempt employees under the FLSA, if Plaintiff and those similarly situated worked over forty hours in a workweek, they were entitled to overtime pay for these hours.

7.3 Over the course of the relevant period, Plaintiff and those similarly situated routinely worked in excess of forty hours per week.

7.4 Even though Plaintiff and those similarly situated worked in excess of forty hours per week, Defendants failed to pay them overtime pay for all hours worked in excess of forty per week.

7.5 Defendants have violated 29 U.S.C. § 201 *et seq.* by failing to pay Plaintiff and those similarly situated overtime compensation for all hours worked over forty per workweek.

7.6 In further violation of the FLSA, Defendants have failed to maintain accurate

employee pay records, including the number of hours worked per workweek by Plaintiff and those similarly situated.

7.7     No excuse, legal justification or exemption excuses Defendants' failure to pay Plaintiff and those similarly situated overtime compensation for all hours worked over forty in a workweek.

7.8     Defendants have failed to make a good faith effort to comply with the FLSA. Instead, Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice regarding overtime compensation. Plaintiff and those similarly situated are entitled to liquidated damages for such conduct.

7.9     Plaintiff and those similarly situated seek all unpaid overtime compensation and an additional equal amount as liquidated damages, as well as reasonable attorney's fees, costs, and litigation expenses, including expert witness fees, as provided by 29 U.S.C. § 216(b), along with pre- and post-judgment interest at the highest rate allowed by law.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff Kathy Pilkinton and all those similarly situated to her who have or will opt into this action, respectfully pray that this Honorable Court follow the certification procedures previously established pursuant to § 216 of the Fair Labor Standards Act and conditionally certify a collective action as described herein pending the identification of and receipt of consent from prospective members of the collective action, and that subsequent thereto Plaintiff and all others similarly situated recover the following, jointly and severally, from Defendants Heritage Hospice of Texarkana and Blake R. Rich, Individually:

   a.   unpaid overtime wages for all hours worked in excess of forty hours in a workweek at the rate of one and one-half times their regular rates;

b. liquidated damages in an amount equal to their unpaid overtime compensation as allowed by the FLSA;

c. reasonable attorney's fees, costs and expenses of this action, including expert witness costs, as provided by the FLSA;

d. pre-judgment and post-judgment interest at the highest rates allowed by law; and

e. such other and further relief, at law or in equity, as this Honorable Court deems necessary.

Respectfully submitted,

___/s/_____
William S. Hommel, Jr.
State Bar No. 09934250
HOMMEL LAW FIRM
1404 Rice Road, Suite 200
Tyler, Texas 75703
(903) 596-7100
(469) 533-1618 Facsimile

ATTORNEY FOR PLAINTIFF