IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| KATHY PILKINTON, | § | |
| INDIVIDUALLY AND ON BEHALF | § | |
| OF ALL OTHERS SIMILARLY | § | **FLSA Collective Action Pursuant to** |
| SITUATED | § | **29 U.S.C. § 216(b)** |
| | § | |
| | § | |
| | § | **CIVIL ACTION NO.  2: 17-cv-519** |
| | § | |
| VS. | § | **JURY DEMANDED** |
| | § | |
| | § | |
| HERITAGE HOSPICE OF | § | |
| TEXARKANA, LLC D/B/A HERITAGE | § | |
| HOSPICE AND BLAKE R. RICH | § | |

## PLAINTIFF'S MOTION FOR NOTICE TO POTENTIAL PLAINTIFFS

Plaintiff, Kathy Pilkington on behalf of herself and all others similarly situated, current and former Registered Nurse Case Managers of Defendant Heritage Hospice of Texarkana, LLC d/b/a Heritage Hospice, hereafter "Heritage Hospice" or "Defendant"), file this Motion for Notice to Potential Plaintiffs, and would show the Court as follows:

## I. INTRODUCTION

This is a collective action for unpaid overtime wages brought pursuant to the Fair Labor Standards Act ("FLSA"). Defendants provide medical services and support to patients who are in the final stages of life or who have terminal illnesses. Plaintiff was employed as a Registered Nurse Case Manager and alleges she and the putative class members were misclassified as exempt employees and consequently, were not compensated for all hours worked over forty per week.  This action is brought to recover compensation, liquidated damages, statutory attorney fees, and costs owed pursuant to the FLSA for Plaintiff and the other putative class members who were employed as Registered Nurse Case Managers for Heritage Hospice.

Under the FLSA, individual plaintiffs must each "opt-in" in order to join a "collective action." 29 U.S.C. § 216(b). Thus, until a particular individual is notified and consents to join a collective action, the statute of limitations continues to run for that individual. And given the short two-year time period allowed for back wages under the FLSA, time is of the essence when attempting to find and notify potential plaintiffs in collective actions. 29 U.S.C. § 255. Every day that passes until Employees "opt-in" to this suit is a day's less pay that they can recover from their employer who paid them in violation of the FLSA. See, *Id.* Because the recovery for each potential plaintiff is eroding daily, Plaintiff is seeking limited expedited discovery and authorization to send court-approved notices to Defendant's present and former Registered Nurse Case Manager Employees as soon as possible.

## II. FACTUAL BACKGROUND

Defendants employed Plaintiff as a salaried Registered Nurse Case Manager, working out of their Jefferson, Texas location from approximately March 1, 2016 through May 21, 2017. Plaintiff was responsible to provide care to Defendants' patients. Plaintiff was on call at nights and weekends. Including time spent actually performing work while on call, Plaintiff consistently worked over forty hours per week.

As stated in the attached declaration and also in Defendants' Responses to Plaintiff's First Interrogatories, Plaintiff and the putative class members were paid a base salary, and certain on-call pay. Registered Nurse Case Manager are paid $15.00 per night on weeknights, and $25.00 and $50.00 per weekend day or holiday. The secondary available Registered Nurse Case Manager receives $7.50 per night on weeknights, and $12.50 on weekend days and holidays. For regular on-call visits, Registered Nurse Case Managers receive a payment of $30.00. If the on-call visit is greater than two hours, Registered Nurse Case Managers receive $30.00 per two-hour increment

of time. For death visits and for nursing admission visits during an on-call period, Registered Nurse

Case Managers are paid $40.00 or $50.00, respectively, over and above their base salaries.[1]

Plaintiff and the putative class members worked five to six days per week between 60 and

70 hours per week. The work performed for Heritage Hospice was not exempt as defined under 29

CFR part 451.  The evidence at trial will show that Plaintiff and the putative class members were

not paid overtime wages at one and one-half times their regular hourly rate for all hours worked in

excess of 40 hours in a work week.

The attached pay records of Plaintiff reflect that she was not paid overtime wages. See:

Declaration of Kathy Pilkington and her pay records, attached as Exhibits A and B.

### III. REQUEST FOR § 216 (b) NOTICE TO POTENTIAL PLAINTIFFS

**A.    Legal Standards: The District Court is Authorized to Issue Notice to the Potential Opt-in Plaintiffs and Should Do So Immediately.**

The FLSA's "collective action" provision allows one or more employees to bring an action for

overtime compensation on "behalf of himself or themselves and other employees similarly

situated."29 U.S.C. § 216(b). District Courts have discretion to allow a party asserting FLSA claims

on behalf of others to notify potential plaintiffs so that they may choose to "opt-in" to the suit.

*Hoffman-La Roche, Inc. v. Sperling,* 493 U.S. 165, 169-70 (1989). Court authorized notice protects

against "misleading communications" by the parties, resolves the parties' disputes regarding the

content of any notice, prevents the proliferation of multiple individual lawsuits, assures that joinder

of additional parties is accomplished properly and efficiently, and expedites resolutions of the dispute.

*Id.* at 170-72.

Under Section 216(b), an employee need only show that he is suing his employer for himself

and on behalf of other employees "similarly situated." *Mooney v. Aramco Services Co.,* 54 F.3d

---

[1] See: Ex. C - Defendants' Objections and Responses to Plaintiff's First Set of Interrogatories – Interrogatory 6.

1207,1213-14 (5th Cir. 1995). Plaintiffs' claims and positions need not be identical to the potential opt-ins, they need only be similar. *Grayson v. KMart Corp.,* 79 F.3d 1086, 1096 (11th Cir. 1996), *cert, denied,* 117 S. Ct. 435 (1996). Plaintiffs need only show "a reasonable basis" for the allegation that a class of similarly situated persons may exist. *Id.* at 1097.

Court facilitated notice to the "class" regarding the FLSA collective action is warranted when Plaintiffs demonstrate that there are others who may wish to opt in and who are "similarly situated" with respect to the job requirements and pay provisions. *Dybach v. State of Fla. Dept. of Corrections,* 942 F.2d 1562, 1567-68 (11th Cir. 1991); *Garnerv. G.D. Searle Pharm.,* 802 F.Supp. 418,419 (M.D. Ala. 1991); *Hipp v. Liberty Nat'l Life Ins. Co.,* 164 F.R.D. 574, 575-76 (M.D. Fla. 1996); *Belcher v. Shoney's, Inc.,* 927 F. Supp. 249, 251 (M.D. Tenn. 1996). The standard for collective action notice is a "lenient" standard. *Mooney v. Aramco Servs. Co.,* 54 F.3d 1207, 1213-14 (5th Cir. 1995). "It is considerably 'less stringent' than the proof required pursuant to Fed. F. Civ. P. 20(a) for a joinder or Fed. R. Civ. P. 23 for class certification." *Grayson,* 79 F.3d 1086,1096 (11th Cir. 1996).

1.   **The Court Should Use the Two-Stage Approach in Issuing Notice to Potential Plaintiffs.**

The Fifth Circuit has acknowledged two different approaches that may apply in deciding whether notice should be issued to potential plaintiffs - the two-stage approach and the Rule 23 approach. *Mooney,* 54 F.3d 1207,1213-14 (5th Cir. 1995). Although the Fifth Circuit has not specified which of the two tests courts must follow, this Court as previously applied the two-stage approach, most recently in *Hayes v. Laroy Thomas, Inc.*, 2006 WL 1004991 (E.D.Tex. 2006). Under the two-stage method, the court considers certification in two phases. First, the court must decide whether the plaintiff has presented substantial evidence that similarly situated potential plaintiffs exist. This decision is made after the plaintiff has petitioned, as here, for judicially-certified notification of

putative class members. *See Mooney,* 54 F.3d at 1213; *H & R Block, Ltd. v. Housden,* 186 F.R .D. 399, 400 (E.D.Tex.1999). If the district court "conditionally certifies" the class at the first step, putative class members are given notice and the opportunity to "opt-in." *See Mooney,* 54 F.3d at 1214. At the notice stage, the court will determine whether plaintiffs and potential opt ins are "similarly situated" based upon the allegations in a complaint supported by affidavits or declarations. *Grayson,* 79 F.3d at 1097; *Mooney,* 54 F.3d at 1213-14; *Brooks v. Bellsouth Telecom.,* 164 F.R.D. 561, 568 (N.D. Ala. 1995); *Sperling v. Hoffman-Laroche, Inc.,* 118 F.R.D. 392, 406-07 (D.N.J. 1988), *aff'd* 493 U.S. 165, 110 S. Ct. 482 (1989).  The plaintiffs are required to present substantial allegations that the putative class members are similarly situated to the named plaintiffs and to support those allegations with competent evidence. *See Housden,* 186 F.R.D. at 400; *see also Haynes,* 696 F.2d at 887.  Plaintiffs would show the Court that they have presented substantial proof of the nature of the allegations and that they are similarly situated, as defined under the two-stage approach.

Under the two-stage approach, once a court makes the preliminary determination that the potential plaintiffs are similarly situated, the case proceeds as a collective action throughout discovery. *Mooney,* 54 F.3d at 1214. Discovery is relevant thereafter both as to the merits of the case and for the second step in the collective action procedure where the court evaluates conflicting evidence developed in discovery to test the validity of the preliminary decision made at the notice stage. *Id.* Allowing early notice and full participation by the opt ins "assures that a full 'similarly situated' decision is informed, efficiently reached and conclusive." *Sperling,* 118 F.R.D. at 406. Once the notice and opt in period is complete, the Court will have the benefit of knowing the actual make-up of the collective action.

2.   <u>**Notice to Potential Plaintiffs is Appropriate on the Facts Presented.**</u>

At the notice stage, courts usually determine whether plaintiffs and potential opt-ins are "similarly situated" based on allegations in a complaint supported by affidavits. *Mooney,* 54 F.3d at 1213-14; *Grayson,* 79 F.3d at 1097. Defendant's rebuttal evidence does not bar § 216(b) notice. Plaintiffs' substantial allegations need only successfully engage the employer's affidavits to the contrary. *Grayson,* 79 F.3d at 1099 n. 17.

To be similarly situated, each class members' situation need not be identical, but merely similar. *Rojas v. Seal Produce, Inc.,* 82 F.R.D. 613, 616 (S.D. Tex. 1979). At the notice stage, in order to satisfy the burden of showing that the putative class members are "similarly situated," "courts required nothing more than substantial allegations that the putative class members were together victims of a single decision, policy, or plan. *Mooney,* 54 F.3d at 1214, fn8. Thus, Plaintiffs need only show that the members of the collective action are "similarly situated with respect to their job requirements and with regard to their pay provisions." *Dybach,* 942 F.2d at 1567-68.

In addition to these factors, other courts making the notice inquiry have sought to determine if there are other individuals who desire to opt in and who are similarly situated to those bringing suit. *Id.* So, if other parties join the suit by filing consents, this provides evidence of a desire on the part of others to join the suit. As of the date of the filing of this Motion, other consents have been filed. See: Ex D - Doc 6 – Notice of Filing of Consents.

Plaintiff has met the lenient standard of showing that notice to potential plaintiffs is appropriate. The declaration attached to this Motion show that the Employees were misclassified as exempt and not paid overtime pay.

3. **Electronic Notice is Proper and Should Be Granted.**

Plaintiff requests permission from the Court to send the notices to the putative class members by mail and electronic mail.  Electronic notice has been approved by many courts. (See: Ex E – Orders granting electronic notice).  Additionally, Plaintiff requests permission to utilize electronic signatures on

the consent forms.  The Electronic Signatures in Global and National Commerce Act, 15 U.S.C. § 7001,

provides that in all transactions in or affecting interstate or foreign commerce a contract or other record

relating to the transaction shall not be denied legal effect merely because it is in electronic form.  Other

courts have approved the use of online, electronic signature opt-in forms. See *White v. Integrated Elec.*

*Tech., Inc*., 2013 WL 2903070, at \*9 (E.D.La. June 13, 2013) (approving request to allow class members

to execute electronic consent forms, noting other "courts have also approved the use of online, electronic

signature opt-in forms," and citing cases). See also *Bland v. Calfrac Well Servs. Corp*., 2013 WL

4054594, at \*3 (W.D.Pa. Aug. 12, 2013) (approving without discussion use of signature via e-mail);

*Jones v. JGC Dallas LLC*, 2012 WL 6928101, at \*4 (N.D.Tex. Nov. 29, 2012), adopted in 2013 WL

271665 (N.D.Tex. Jan. 23, 2013) (approving unopposed request that class members be given option of

executing consent forms online via an electronic signature service); *Dyson v. Stuart Petroleum Testers,*

*Inc*., 308 F.R.D. 510, 517-18 (W.D. Tex. 2015) (approving use of electronic signature on opt-in consent

forms in FLSA collective action.

    **B.**    **Relief Sought: Issuance of Notice to Potential Plaintiffs and Disclosure of Names, Addresses, Email Addresses and Phone Numbers.**

To facilitate the Notice process and protect and preserve the rights of those who have not yet

opted in, Plaintiffs have attached a proposed Notice and proposed Consent form to be approved by the

Court. (See Exhibits F and G). Plaintiffs seek to notify a group of potential plaintiffs described as

follows:

> All welders employed by Heritage Hospice in Kilgore, Texas from April 25, 2014 to the present.

## IV.   REQUEST FOR EXPEDITED DISCOVERY AS TO IDENTITY OF POTENTIAL PLAINTIFFS

Plaintiff does not have access to a list of all of Defendant's welders. The Employees who were

denied proper pay and overtime pay for hours worked over forty (40) from April 25, 2014 to the

present are numerous. Accordingly, Plaintiffs do not have access to these individuals' residential addresses, email, addresses or cell phone numbers. Therefore, Plaintiffs request that the Court compel Defendant to:

(1)    provide the name of each current and former welders employed by Defendant since April 25, 2014; and

(2)    provide the last known address, date of birth, email address and cell phone number for each individual described above.

Plaintiff urges the Court to require the Defendant to provide the requested information in computer readable format to facilitate the notice process.  Requiring defendant to provide this information will carry out the purposes of § 216(b) and help ensure that each affected individual will be located and provided with appropriate notice so each can determine whether he/she wants to "opt-in" as a plaintiff in this collective action.

All of the information requested above is necessary to locate the similarly situated affected individuals. As mentioned earlier, accurate and timely notice is critical to the preservation of employees' legal rights in FLSA collective actions.

Plaintiffs request that all potential plaintiffs be given sixty (60) days from the date of mailing of the notices to "opt-in" to the collective action.

## V. THE NEED FOR EXPEDITED ACTION

In a collective action under the FLSA, the original complaint only tolls the statute of limitations for the listed plaintiffs. See 29 U.S.C. § 256. The statute of limitations continues to run for all other potential plaintiffs until their consent to sue is signed and filed with the court. *Id.* The applicable statute of limitations in an FLSA action is two years from the date the wages become due, or three years if the FLSA violation is "willful." 29 U.S.C. § 255. Therefore, every day that passes reduces the potential recovery of each plaintiff.

WHEREFORE, Plaintiff prays that the Court grant this Motion for Notice to Potential Plaintiffs and for such other and further relief to which they may be justly entitled.

Respectfully submitted,

_____/s/_____
William S. Hommel, Jr.
State Bar No. 09934250
Hommel Law Firm
1404 Rice Road, Suite 200
Tyler, Texas 75703
903-596-7100
469-533-1618 Facsimile

ATTORNEY FOR PLAINTIFF

## CERTIFICATE OF CONFERENCE

Plaintiff's counsel conferred with Defendant's counsel and Defendant is opposed to this motion.

/s/ William S. Hommel, Jr.
William S. Hommel, Jr.

## **CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the foregoing is being served on counsel for Defendant via electronic filing on the 25th day of September, 2017.

/s/ William S. Hommel, Jr.
William S. Hommel, Jr.